1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   RONALD KEMONI PETERSON,

11              Plaintiff,              No. CIV S-10-2193 JAM DAD P

12       vs.

13   LAURA MICHELLE PETTY,              ORDER AND

14              Defendant.             FINDINGS & RECOMMENDATIONS

15   _____/

16           Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42

17   U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915.

18   This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule

19   302 and 28 U.S.C. § 636(b)(1).

20              **PLAINTIFF'S IN FORMA PAUPERIS APPLICATION**

21           Plaintiff has submitted an in forma pauperis application that makes the showing

22   required by 28 U.S.C. § 1915(a).  Accordingly, plaintiff will be granted leave to proceed in forma

23   pauperis.

24           Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  See

25   28 U.S.C. §§ 1914(a) & 1915(b)(1).  Plaintiff has been without funds for six months and is

26   currently without funds.  Accordingly, the court will not assess an initial partial filing fee.  See 28

                                            1

U.S.C. § 1915(b)(1).  Plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments shall be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  See 28 U.S.C. § 1915(b)(2).

## SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957).  However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic,

550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the

allegations of the complaint in question, <u>Hospital Bldg. Co. v. Rex Hospital Trustees</u>, 425 U.S.

738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all

doubts in the plaintiff's favor.  <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution . . . shall be liable to the party injured in an action at
> law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  <u>See</u>

<u>Monell v. Department of Social Servs.</u>, 436 U.S. 658 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362

(1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or

omits to perform an act which he is legally required to do that causes the deprivation of which

complaint is made."  <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the

actions of their employees under a theory of <u>respondeat</u> <u>superior</u> and, therefore, when a named

defendant holds a supervisorial position, the causal link between him and the claimed

constitutional violation must be specifically alleged.  <u>See</u> <u>Fayle v. Stapley</u>, 607 F.2d 858, 862

(9th Cir. 1979); <u>Mosher v. Saalfeld</u>, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory

allegations concerning the involvement of official personnel in civil rights violations are not

sufficient.  <u>See</u> <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

## PLAINTIFF'S COMPLAINT

In his complaint, plaintiff identifies Laura Michelle Petty, Esq. as the defendant in

this action.  (Compl. at 2.)   Plaintiff alleges that attorney Petty provided him with incompetent

and ineffective representation at his criminal trial in 2008. (<u>Id.</u> at 3.)  Specifically, plaintiff

1  alleges that defendant made misstatements in her motion to dismiss and failed to accept the

2  prosecutor's sentencing recommendation of 19 years to life.  (Id.)  In terms of relief, plaintiff

3  seeks monetary damages and a stay on this action.  (Id.)

4  **ANALYSIS**

5  To state a cognizable claim under § 1983, a plaintiff must allege: (1) a violation of

6  a right secured by the Constitution and the laws of the United States; and (2) that the deprivation

7  was committed by a person acting under color of state law.  See West v. Atkins, 487 U.S. 42, 28

8  (1988); Ketchum v. County of Alameda, 811 F.2d 1243, 1245 (9th Cir. 1987).  Here, plaintiff's

9  allegations consist of general, legal malpractice claims against his former attorney in a criminal

10  matter.  However, defense attorneys (including public defenders or appointed counsel) do not act

11  under color of state law for the purposes of § 1983.  See Polk County v. Dodson, 454 U.S. 312,

12  325 (1981); Kimes v. Stone, 84 F.3d 1121, 1126 (9th Cir. 1996) (noting that attorneys are

13  generally private, not state, actors).  Plaintiff's complaint does not allege any facts suggesting

14  that his attorney acted in a manner that went beyond the traditional functions of a lawyer.  Polk,

15  454 U.S. at 325; cf. Tower v. Glover, 467 U.S. 914, 923 (1984) (finding plaintiff's claim that his

16  public defender conspired with state officials to obtain his conviction cognizable under § 1983).

17  Accordingly, plaintiff's allegations of general, legal malpractice fail to state a cognizable claim

18  under § 1983 and must be dismissed.[1]  See Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir.

19  1981) (holding that plaintiff's legal malpractice claims do not come within the jurisdiction of

20  federal courts).

21  /////

22  /////

23

24  [1]  The court notes that it appears to be the case in California, as in most jurisdictions, that
   a legal malpractice claim arising out of a criminal proceeding requires proof of actual innocence.

25  See Wiley v. County of San Diego, 19 Cal. 4th 532, 545 (1998).  Therefore, to the extent plaintiff
   is seeking post-conviction relief in federal court so that he may proceed with a legal malpractice
   action against his former attorney in state court, he is advised that he must file a habeas petition

26  and not a § 1983 action.  See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).

4

**CONCLUSION**

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's August 13, 2010 application to proceed in forma pauperis (Doc. No. 7) is granted.

2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

Also, for the reasons set forth above, IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice to plaintiff's filing of a habeas petition in the appropriate court.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 2, 2010.

Dale A. Drozd

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:sj
sims1893.56

5